UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO RODRIGUEZ,<br><br>            Plaintiff,<br><br>       v.<br><br>GAVIN NEWSOM, et al.,<br><br>            Defendants. | No.  2:24-cv-02552- CKD (PS)<br><br><br>ORDER |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's application makes the showing required by 28 U.S.C. § 1915. The motion to proceed in forma pauperis will be granted.

**I.      Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it

---

[1] Actions in which a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. Resolution of dispositive matters by a magistrate judge are to be filed as findings and recommendations. See Local Rule 304.

1

appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996). The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

**II.  Analysis**

Plaintiff avers that his complaint is authorized by 42 U.S.C. § 1983 and requests that "SB 132 get amended and Penal Code Section 2605 get looked at and amended as well." (ECF No. 1 at 7-8.) Plaintiff names Gavin Newsom and the Department of Corrections and Rehabilitation as defendants. Plaintiff alleges that the complaint invokes a "federal question." (Id. at 4.)

Plaintiff has neither alleged a specific cause of action nor provided any facts from which the court can infer a cause of action over which the court has original jurisdiction.  It appears that the court does not have federal question jurisdiction over this action, as plaintiff does not assert

any federal claims against any defendant, and there is no diversity of citizenship jurisdiction because both plaintiff and defendants are citizens of California. See McDaniel v. Hinch, No. 2:17-cv 02448-KJM-CKD (E.D. Cal. July 11, 2018) ("[W]ith no stated claim triggering either diversity or federal question jurisdiction, the complaint is properly subject to dismissal for lack of jurisdiction").

## II.  Conclusion and Order

The complaint must be dismissed, but plaintiff is granted leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading.

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.
3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 12, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKDRodr2552.screen

3